# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| THOMAS WHITTAKER ) | |
| TIMOTHY WHITTAKER, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. |
| vs. ) | |
| ) | |
| TA OPERATING LLC d/b/a ) | |
| TRAVEL CENTERS OF AMERICA ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COME NOW plaintiffs Thomas Whittaker and Timothy Whittaker, by and through their counsel, and for their cause of action against Defendant TA Operating LLC d/b/a Travel Centers of America, state the following.

### Parties

1. Plaintiff Thomas Whittaker is and was at all times relevant herein a resident of the State of Missouri, who served as an employee of Defendant Travel Centers of America, and Plaintiff Timothy Whittaker is and was at all times relevant herein an employee of Defendant (collectively referred to hereinafter as the "Whittakers").

2. Defendant TA Operating LLC d/b/a Travel Centers of America (hereinafter "TCA") is a corporate entity organized and existing in accordance with the laws of the State of Missouri, employing hundreds of persons, and doing business in and throughout the State of Missouri.

### Jurisdiction and Venue

1

   3.  The court has jurisdiction over this matter pursuant to 28 U.S.C Section 1331, and 42 U.S.C. Section 1981.

   4.  Venue is proper under 28 U.S.C 1391 (b)(1) because a defendant resides in the District, and pursuant to 28 U.S.C. 1391 (c).

## **Factual Background**

   5.  Plaintiffs are African-American twin brothers employed by Defendant Travel Centers of America, with Plaintiff Thomas Whittaker being employed with TCA from October 2014 to March 2016, and Plaintiff Timothy Whittaker commencing his employment with Defendant TCA in 2006 and being currently employed by TCA.

   6. After being employed with TCA for almost ten years, Plaintiff Timothy Whittaker began complaining to TCA management about the lack of African-American employees by TCA, with Plaintiff having observed that he was for many years the only African-American employee of TCA, and observing TCA fail to hire African-Americans, despite their being qualified.  After his insistent complaining, his twin brother Plaintiff Thomas Whittaker was hired by TCA, and he also complained to management about racially hostile work conditions that he experienced.

   7.  During the course of their employment with TCA the Whittakers have been subjected to a racially hostile environment that has included, among other things:

  (a) racial epithets being used in the work environment without any action taken by management;

  (b) racially derogatory references being made about Plaintiffs in the workplace environment with management not taking any action;

  (c) Plaintiff Timothy Whittaker being denied a pay increase upon reaching the master mechanic L2 position:

  (d) Plaintiff Thomas Whittaker being terminated in February 2016, notwithstanding his seniority over Caucasian employees, under the pretext of job abandonment, when in fact Caucasian employees similarly situated to him were not treated in this manner;

2

(e)  Plaintiffs being subjected to greater work scrutiny and criticism than white co-workers, and being subjected to humiliating treatment by management on account of their race.

(f) Plaintiffs being denied the same training and promotional opportunities as white employees.

8. Plaintiffs have been subjected to this racially hostile environment and discriminatory actions because of their being black men and in retaliation for Plaintiffs' complaining about TCA's racist practices.

## COUNT I

### (Race Discrimination 42 U.S.C. Section 1981)

9.  This court has jurisdiction pursuant to 42 U.S.C. Section 1981.

10. Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 8 of this Complaint.

11. Plaintiffs' agreement with Defendant to employ Plaintiffs in a non-discriminatory environment and offer Plaintiffs the same rights and privileges enjoyed by white employees of Defendant was violated by Defendant because of Plaintiffs' race.

12. Defendant deliberately mistreated Plaintiffs, including terminating Plaintiff Thomas Whittaker and denying Plaintiff Timothy Whittaker promotional opportunities, due to Plaintiffs' race.

13. Defendant's actions were deliberate, willful, wanton and malicious, and have caused plaintiffs emotional pain, suffering, inconvenience, humiliation and mental anguish.

## COUNT II

### (Retaliation 42 U.S.C. Section 1981)

14.  This court has jurisdiction pursuant to 42 U.S.C. Section 1981.

15. Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 8 of this Complaint.

16. Defendant retaliated against Plaintiffs for their complaining about the lack of African-Americans employed by Defendant and Defendant's racially hostile environment, including terminating Plaintiff Thomas Whittaker and denying promotional opportunities to Plaintiff Timothy Whittaker.

17. Defendant deliberately mistreated Plaintiffs due to Plaintiffs' race.

18. Defendant's actions were deliberate, willful, wanton and malicious, and have caused plaintiffs emotional pain, suffering, inconvenience, humiliation and mental anguish.

## COUNT III

### (Race Discrimination Title VII)

19. This Court has jurisdiction pursuant to Title VII of the 1964 Civil Rights Act 42 U.S.C. 2000e, et seq.

20. Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 8 of this Complaint.

21. Plaintiffs timely filed with the United States Equal Opportunity Commission ("EEOC") charges of race discrimination and retaliation against Defendant.

22. On or about December 15, 2016, Plaintiffs received from the EEOC a Notice of a Right to Sue letter. [Exhibit 1 attached hereto].

23. Defendant deliberately mistreated Plaintiffs, including terminating Plaintiff Thomas Whittaker and denying promotional opportunities to Plaintiff Timothy Whittaker, due to Plaintiffs' race.

24. Defendant's actions were deliberate, willful, wanton and malicious, and have caused plaintiffs emotional pain, suffering, inconvenience, humiliation and mental anguish.

## COUNT IV

### (Retaliation under Title VII)

25. This Court has jurisdiction pursuant to Title VII of the 1964 Civil Rights Act 42 U.S.C. 2000e, et seq.

26. Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 8 of this Complaint.

27. Defendant retaliated against Plaintiffs, as stated in Count II, for Plaintiffs complaining to Defendant that TCA was discriminating in not hiring and promoting more African-Americans and in creating a racially hostile environment.

28. Defendant deliberately mistreated Plaintiffs, including terminating Plaintiff Thomas Whittaker and denying promotional opportunities to Plaintiff Timothy Whittaker, due to Plaintiffs' race.

29. Defendant's actions were deliberate, willful, wanton and malicious, and have caused plaintiffs emotional pain, suffering, inconvenience, humiliation and mental anguish.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray this Court for a judgment and order against Defendant as to Counts I through IV, to (a) compensate Plaintiffs for back pay, lost wages, and other benefits of employment (b) reinstate the employment of Plaintiff Thomas Whittaker, or alternatively, award front pay, and immediately promote Plaintiff Timothy Whittaker(c) cease and desist its discriminatory hiring and promotion practices; (c) award Plaintiffs actual and punitive damages according to proof; award attorney's fees, the costs of Court, prejudgment and post judgment interest allowed by law, and for such additional relief as this Honorable Court deems just and proper under the circumstances.

Respectfully submitted,

**S/** *Eric E. Vickers*

_____
Eric E. Vickers #31784
401 North Newstead, Ste. 1N
St. Louis, Mo. 63108
(314) 420-8700  (314) 875-0447 fax
eric_vickers@hotmail.com
Attorney for Plaintiffs

Case: 4:17-cv-02330-JAR   Doc. #:  1   Filed: 08/29/17   Page: 6 of 6 PageID #: 6

6