UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS WHITTAKER and TIMOTHY WHITTAKER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:17-cv-02330-JAR |
| TA OPERATING, LLC d/b/a TRAVEL CENTERS OF AMERICA, | ) ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM & ORDER**

This matter is before the Court on Plaintiffs' pro se motions for entry of Clerk's default (Doc. Nos. 27, 30) and motions for default judgment (Doc. Nos. 28, 31).[1] Plaintiff Timothy Whittaker submitted an affidavit stating that Defendant was served with the summons and complaint on January 7, 2019 (Doc. No. 27), which made Defendants' answer due on or before January 28, 2019. Defendant filed its responsive pleading on January 29, 2019, one day late. Thus, Plaintiffs seek default judgment.

Defendant submitted an affidavit by defense counsel stating that Plaintiff improperly served only a summons on its registered agent on January 7, 2019, and that it was served with both the summons and complaint the next day. Thus, Defendant argues its responsive pleading was due on January 29, not January 28. In the alternative, Defendant argues that it "should not be punished for any inadvertent oversight caused, at least in part, by Plaintiffs'

---

[1] On February 25, 2019, Plaintiffs filed a motion for entry of Clerk's default and a motion for default judgment. (Doc. Nos. 27 and 28). On March 7, 2019, Plaintiffs filed another motion for entry of Clerk's default and motion for default judgment. (Doc. Nos. 30 and 31). Upon review, it appears the motions filed on March 7 are substantially identical to those filed on February 25.

inability to properly serve Defendant." (Doc. No. 29).

The entry of a default judgment is committed to the sound discretion of the district court. *U.S. on Behalf of & for Use of Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993). Default judgments, however, are not favored by the law. *Id.* "The entry of a default judgment should be a 'rare judicial act.'" *Berkley Assurance Co. v. BMG Serv. Grp. LLC*, No. 4:18-CV-2082 CAS, 2019 WL 861265, at *1 (E.D. Mo. Feb. 22, 2019) (citing *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1009 (8th Cir. 1993) (quoted case omitted)). There is a judicial preference for adjudication on the merits. *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993).

Federal Rule of Civil Procedure 4(c) provides that "A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) . . . ." If Plaintiffs properly served Defendant with both the summons and complaint on January 8, then Defendant's responsive pleading was timely filed, and Plaintiffs' motions fail.

However, even if Plaintiff properly served Defendant on January 7 and Defendant's responsive pleading was filed a day late, the Court will nevertheless deny Plaintiffs' motions. Default judgment is not an appropriate sanction for a "marginal failure to comply with time requirements." *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) (internal citation omitted). Filing a responsive pleading one day late is a marginal failure to comply. *See Grover-Tsimi v. State of Minn.*, 449 F. App'x 529, 530 (8th Cir. 2011) (affirming denial of a motion for default judgment because the responsive pleadings was only one day late).

Further, Defendant has indicated a desire to defend against the action. *See American*

*States Insurance Corporation v. Technical Surfacing, Inc.,* 178 F.R.D. 518, 521 (D. Minn. 1998) ("Accordingly, '[w]hen a defendant appears and indicates a desire to contest an action, a court may exercise its discretion to refuse to enter default, in accordance with the policy of allowing cases to be tried on their merits.'"). Thus, Plaintiffs' motions for Clerk's entry of default and default judgment will be denied.

As a final matter, the Court notes that on February 19, 2019, Plaintiffs filed a sur-reply to Defendant's motion to dismiss. (Doc. No. 26). Under Local Rule 7-4.01(C), any party wishing to file a sur-reply must request leave of the Court. Plaintiffs did not do so here. The Court will not in this instance strike Plaintiffs' sur-reply from the record. However, Plaintiffs are reminded that although they are proceeding pro se, they are not excused from following federal and local rules. *See Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law.").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motions for entry of Clerk's default (Doc. Nos. 27, 30) and motions for default judgment (Doc. Nos. 28, 31) are **DENIED**.

Dated this 14th day of March, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE