UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| THOMAS WHITTAKER and TIMOTHY WHITTAKER, | ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | No. 4:17-cv-02330-JAR |
| TA OPERATING, LLC d/b/a TRAVEL CENTERS OF AMERICA, | ) ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM & ORDER**

This matter is before the Court on Defendant TA Operating, LLC d/b/a Travel Centers of America's motion to dismiss. (Doc. No. 21). Plaintiffs oppose the motion. (Doc. Nos. 24, 26). For the reasons set forth below, the motion will be granted, and the case will be dismissed without prejudice.

### I. Background

This race discrimination and retaliation action was filed through counsel[1] on August 29, 2017. On February 1, 2018, the Court directed Plaintiffs to show cause why the case should not be dismissed for failure to properly serve Defendant. (Doc. No. 3). Plaintiffs, through counsel, responded that a material change of circumstances had occurred and Plaintiffs intended to file an amended complaint reflecting this change, which would then be served on Defendant. (Doc. No. 4). The Court granted Plaintiffs leave to file a first amended

---

[1] Plaintiffs were initially represented by counsel, who filed this lawsuit. However, on April 13, 2018, counsel passed away. On July 3, 2018, the Court granted Plaintiffs 60 days to retain alternate counsel, if desired. Plaintiffs did not do so, instead proceeding pro se in this action.

complaint, which was filed on February 15, 2018. (Doc. No. 6).

On February 27, 2018, Plaintiffs requested an extension of time until April 4, 2018, to effectuate service on Defendant due to Plaintiffs' counsel's medical condition and hospitalization. (Doc. No. 7). Thereafter, the Court learned that Plaintiffs' counsel had passed away.

On July 3, 2018, the Court granted Plaintiffs 60 days to retain counsel, if desired, and obtain service on Defendant on or before September 3, 2018. (Doc. No. 10). On August 27, 2018, Plaintiffs requested, and the Court denied, appointment of counsel. (Doc. Nos. 11, 12). The Court specifically directed Plaintiffs to obtain service on Defendant on or before November 19, 2018.

On December 13, 2018, attorney Benjamin Marble entered his appearance on behalf of Defendant. (Doc. No. 14). Thereafter, on January 3, 2019, Plaintiffs requested an alias summons, which was issued by the Court. (Doc. No. 15). On January 8, 2019, Plaintiffs filed a proof of service of summons on January 4, 2019. (Doc. No. 19).

On January 29, 2019, Defendant filed the instant motion to dismiss. Defendant first contends that Plaintiffs failed to timely serve it with the lawsuit in violation of Federal Rule of Civil Procedure 4(m), and that they fail to demonstrate good cause or excusable neglect, thus necessitating dismissal of the case. Defendant also maintains that Plaintiffs' claims related to Title VII are untimely and should be dismissed. Lastly, Defendants contend that the lawsuit should be dismissed for improper venue because their claims arose out of Plaintiffs' employment in Troy, Illinois.

Plaintiffs responded that their untimely service on Defendants should be excused due to extenuating circumstances, namely, the death of their attorney. Plaintiffs maintain that

after his death, they struggled to find representation "due to the original handling of the case" and had been in contact with the Missouri Bar Association and the Client Recovery Fund to recoup the monies already paid to counsel.

In further response, Plaintiffs maintain that their Title VII claims should not be dismissed because their claims had been timely filed in Illinois. Specifically, Plaintiffs contend that this employment discrimination case was timely filed in federal court in Illinois on March 17, 2017, but then later re-filed in Missouri because prior counsel "no longer held a valid license to practice law" in that district. Thus, their filing of the instant lawsuit on August 29, 2017, should relate back to their prior pleading. Lastly, Plaintiffs argue that venue is proper in this district because Thomas Whittaker resides in this district, Defendant has at least six locations in Missouri, and Plaintiffs serviced trucks in both Illinois and Missouri.

## II. Discussion

Under Federal Rule of Civil Procedure 4(c)(1), "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Rule 4(m) provides in relevant part:

> (m) Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court [on motion of a defendant] must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

If a plaintiff has demonstrated good cause for his failure to serve within the prescribed 120-day period, the district court must extend the time for service. *Colasante v. Wells Fargo Corp.*, 81 F. App'x 611, 612–13 (8th Cir. 2003) (citing Fed. R. Civ. P. 4(m)). If good cause is not shown, the district court still retains the discretion to grant an extension of time for

service. *Id.* (citation omitted). To warrant such a permissive extension, a plaintiff must demonstrate excusable neglect. *Id.* (citing *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002)). A district court's findings at each step of the analysis will not be set aside absent an abuse of discretion. *Id.* (citation omitted).

Here, Plaintiffs cannot establish good cause for their failure to timely serve Defendants. Good cause may be found when "(1) the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, (2) the defendant has evaded service of the process or engaged in misleading conduct, (3) the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or (4) the plaintiff is proceeding pro se or in forma pauperis." *Kurka v. Iowa Cty., Iowa*, 628 F.3d 953, 957 (8th Cir. 2010) (quoting Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1137 (3d ed. 2002)). Here, there is no evidence that Defendant evaded service or that failure to complete service was the result of a third person. While the Court is sympathetic to the fact that Plaintiffs were unexpectedly left without representation, it provided Plaintiffs with ample time and opportunity to obtain alternate counsel and effectuate service, and Plaintiffs have provided the Court with no good cause for their failure to comply with the Court's Orders.

Similarly, Plaintiffs have failed to establish excusable neglect, an "elastic concept" that empowers district courts to provide relief where a party's failures to meet a deadline is "caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id.* (quoting *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010)). In determining whether neglect is excusable, the following factors are particularly important: (1) the possibility of prejudice to the defendant, (2) the length of the

delay and the potential impact on judicial proceedings, (3) the reason for the delay, including whether the delay was within the party's reasonable control, and (4) whether the party acted in good faith. *Id.*

Here, the length of delay is significant. Plaintiffs in their first amended complaint allege that they received a notice of a right to sue on or about December 15, 2016, and this case was filed in this Court on August 29, 2017. Defendants were not properly served until January 8, 2019. Further, although Defendant may have had actual notice that Plaintiffs were pursuing a lawsuit against them, actual notice does not remedy insufficient service. *See Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993).

Further, although the death of their attorney is outside Plaintiffs' control, they were given additional time to obtain new counsel and determine how the case was to proceed. Plaintiffs' attorney died in April 2018, and Plaintiffs had seven months—until November 18, 2018—to timely serve Defendant. This is more than a year after the lawsuit was filed. The Court provided clear warning to Plaintiffs that the case would be dismissed if they failed to timely serve Defendant.

Although Plaintiffs are proceeding pro se, they are not excused from complying with substantive and procedural law. *See Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law."). Plaintiffs here have failed to demonstrate excusable neglect. Plaintiffs have been afforded ample opportunity to properly serve Defendants but have not done so.

The Court also notes that all of the relevant facts and circumstances underlying the claims in this case arose from employment in Troy, Illinois. This Court does not appear to be

a proper venue for these claims. Thus, the Court in its discretion will dismiss the case without prejudice.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendant TA Operating, LLC d/b/a Travel Centers of America's motion to dismiss (Doc. No. 21) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE.**


Dated this 16th day of September, 2019.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE